**Porfirio MIRANDA–RETANA; Maria Elena Velasquez de Miranda, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–71785, 05–76197.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Steven E. Rusak, DOJ—U.S. Department of Justice, Environmental & Natural, Resources Div., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

R.App. P. 34(a)(2).

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions for review, Porfirio Miranda–Retana and Maria Elena Velasquez de Miranda, natives and citizens of Mexico, seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider the denial of their motion to reopen removal proceedings to offer new evidence of hardship (No. 05–76197) and an order of the BIA affirming an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 05–71785). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

The BIA did not abuse its discretion in denying the motion to reconsider because petitioners did not specify an error of fact or law in the prior BIA decision. *See* 8 C.F.R. § 1003.2(b)(1).

Substantial evidence supports the BIA's determination that petitioners' subjectively genuine fear of future persecution was not objectively reasonable. The harm petitioners experienced at the hands of the judicial police occurred in 1985 and petitioners continued to live in their hometown without further mistreatment for two years prior to leaving Mexico. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000) (holding that two-year stay in Fiji after incidents of harm undermined Indo–Fijian's fear). Furthermore, the record establishes that significant political changes oc-

curred in Mexico in 2000. In concluding that the record rebutted any presumption that petitioners' fear was well-founded, the BIA relied on both generalized country conditions evidence and the lead petitioner's own testimony. Substantial evidence thus supports the BIA's conclusion. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–1000 (9th Cir.2003) (holding that individualized analysis of changed country conditions rebutted presumption of well-founded fear based on political opinion).

Because petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard of proof for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the BIA's conclusion that the petitioners did not establish that it is more likely than not that they will be tortured if returned to Mexico, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.